IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| Jane Doe<br><br>               Plaintiff,<br><br>   vs.<br><br>Ashland University<br>401 College Avenue<br>Ashland, OH 44805<br><br>              Defendant. | Case No.<br><br>Judge<br><br>Magistrate Judge |
| **COMPLAINT WITH JURY DEMAND** ||

**NATURE OF ACTION**

1. This is a civil-rights action brought under Title IX of the Education Amendments of 1972, as amended. Plaintiff Jane Doe alleges that Ashland University—and particularly Director of Student Conduct and Diversity and deputy Title IX coordinator Jonathan Locust—failed to adequately respond to Ms. Doe's report of sexual assault, including by failing to report it to the Title IX coordinator.

**PARTIES**

Page 1 of 11

2. Plaintiff Jane Doe is a recent graduate of the Ashland University.

3. Defendant Ashland University is a private university located in Ashland County, Ohio. Each College official or employee identified below was acting within the course and scope of his or her duties at all relevant times.

## JURISDICTION AND VENUE

4. Jurisdiction over federal claims under Title IX of the Education Amendments of 1972, 20 U.S.C. §§ 1681–88 is asserted under 28 U.S.C. §§ 1331 and 1343.

5. The Court has personal jurisdiction over Defendant and venue is proper here under 28 U.S.C. § 1391 because the relevant events took place within this Court's jurisdiction.

## FACTUAL BACKGROUND

### Jane Doe is a successful and engaged Ashland University student.

6. Ms. Doe enrolled at Ashland University as a freshman in August 2013. She earned above-average grades, served as a member of several student organizations, and enjoyed peer friendships.

7. In her second, third, and fourth years, Ms. Doe participated in the Orientation Team, which required extensive collaboration with the AU administration.

8. During her third year, Ms. Doe's peers elected her President of the Black Student Alliance and Diversity on Campus (BSA), to serve through her graduation.

9. Around the same time, Director of Student Conduct and Diversity, Jonathan Locust, hired Ms. Doe as his Diversity Intern.

10. Ms. Doe served as a Student Conduct Board panelist for several semesters.

### A male student, Daivon Barrow, sexually assaults Ms. Doe.

11. On or around April 7, 2016, a male student, Daivon Barrow, sexually assaulted Ms. Doe.

12. Ms. Doe had first become acquainted with Mr. Barrow through her work with the BSA. Upon information and belief, Mr. Barrow was aware that before April 7, 2016, Ms. Doe had never consumed alcohol or engaged in sexual activity.

13. Because Ms. Doe's 21st birthday was approaching, she discussed with her friends that she would rather try alcohol for the first time in her dorm room, which she felt would be safer than accidentally drinking too much in a bar. To that end, she and her friends planned to drink in their residence hall that evening.

14. Aware of the gathering, Mr. Barrow stopped by Ms. Doe's room for a short while.

15. As the night progressed, Ms. Doe, who was unaware of her limits, became intoxicated.

16. A couple hours after he had left Ms. Doe's room, Mr. Barrow sent her text messages asking her whether she had been drinking, and then a text message asking her to join him in his room.

17. Accompanied by her friend Rachel, Ms. Doe went to Mr. Barrow's room. Rachel, however, warned Mr. Barrow that Ms. Doe was too intoxicated and needed to go downstairs. Rachel took Ms. Doe back to her own room, then left to find their other friends.

18. Once Ms. Doe was back in her room, Mr. Barrow again texted Ms. Doe, inviting Ms. Doe to his room. Ms. Doe complied.

19. When Ms. Doe arrived, Mr. Barrow told her he was going to change, but instead pulled down his pants and forced Ms. Doe to perform oral sex on him, despite her saying, "no," "I don't want to," and expressing other verbal protests.

20. Ms. Doe felt upset and confused, not having done anything like that before, and embarrassed.

21. Mr. Barrow's conduct violated the University's Title IX policy, which prohibits non-consensual sexual contact.

**Ms. Doe tells her mentor, deputy Title IX coordinator Jonathan Locust, of the assault, and he blows it off, telling her alcohol is a "truth serum." He never reports the assault to the University's Title IX coordinators.**

22. On or around Monday, April 11, 2016, Ms. Doe met with her supervisor, Director of Student Conduct and Diversity Jonathan Locust, whom she viewed as a mentor.

23. At the time, Mr. Locust was one of several deputy Title IX coordinators at Ashland University.

24. According to the University's written Title IX policy, as a deputy Title IX coordinator, Mr. Locust's duties included assisting in training employees on the school's Title IX policy, processes, and resources, as well as conducting investigations, and performing advisor duties.

25. But Mr. Locust failed to perform his duties.

26. During the meeting, Ms. Doe told Mr. Locust about the assault.

27. Mr. Locust responded by telling Ms. Doe that alcohol is a "truth serum," and that if she was drinking at the time, she must have wanted to engage in oral sex with Mr. Barrow. He went on to ask Ms. Doe if she enjoyed the sexual activity.

28. Mr. Locust did not provide Ms. Doe with any copies of the University policy on sexual violence or with any information about how to access services or resources for victims of sexual abuse.

29. Ms. Doe left the meeting feeling that if her mentor, Mr. Locust, normalized the assault, then it must not be an act of violence. She was confused and unsure of whether Mr. Locust had just accused her of wanting to be sexually assaulted.

30. The University's Sexual Misconduct and Prevention Policy states that "Ashland is obligated to follow up on all allegations." With limited, enumerated exceptions, the policy requires employees to "report a violation of this policy to a Title IX Coordinator once they become aware."

31. Mr. Locust did not report the sexual assault to the school's Title IX coordinators or add the information to the campus Clery Act report.[1]

32. He thus did not comply with his duty under written University policy.

33. Later, on another occasion before the end of the spring 2016 semester, Ms. Doe had been drinking and stopped by Mr. Barrow's room. Mr. Barrow, noticing that she was intoxicated, asked her to perform oral sex. When she declined, he attempted to give her more alcohol. Ms. Doe refused the drink and left the room.

34. Ms. Doe brought this incident up in a meeting with Mr. Locust, who responded by asking, "What did you expect?" Mr. Locust also responded by stating words to the effect that "when I was his age, I was just like Daivon, but probably worse."

35. This conversation, like the conversation in which Mr. Locust responded to the sexual assault by saying alcohol was a "truth serum," left Ms. Doe feeling that what happened to her must have been normal, to the point that she began to believe she needed to accept it and move on.

36. Only several months later, in November 2016, when Ms. Doe reported a second sexual assault by the same perpetrator, did an investigator add the April assault to the campus Clery report.

37. The University failed to adequately investigate the April assault and ultimately found no violation on Mr. Barrow's part.

---

[1] The Clery Act requires the University to maintain and disclose campus crime statistics and security information.

### The University fails to effectively implement its policies, including training and disciplining Mr. Locust.

38. In November 2016, Ms. Doe reported to one of Defendant Ashland University's Title IX coordinators, attorney Joshua Hughes, Mr. Locust's statements regarding the April 7 assault, and that Mr. Locust had violated the University's sexual-misconduct and prevention policy.

39. Upon information and belief, the University conducted no investigation of Mr. Locust's violations of written University policy.

40. Upon information and belief, the University took no steps to discipline Mr. Locust for failing to follow written University policy regarding forwarding the violation to the Title IX coordinator.

41. The University failed to effectively implement and/or enforce its written policies, e.g., by effectively training Mr. Locust about his duties or by disciplining Mr. Locust when he failed to comply with the written directives for responding in the face of a sexual-misconduct allegation.

### Ms. Doe suffers trauma because of the University's failures.

42. In September 2016, Mr. Barrow sexually assaulted Ms. Doe again. When Ms. Doe reported this second assault, Mr. Barrow and his friends started retaliating against Ms. Doe. Ms. Doe reported that retaliation to the Title IX coordinator, Hughes, but Hughes repeatedly told her that the students' behavior had nothing to do with the Title IX case. The University failed to adequately respond to Ms. Doe's reports of retaliation.

43. Had the University effectively trained Mr. Locust, had Mr. Locust not normalized the April assault, and had he reported the April assault as required by written University policy, Ms. Doe may have been spared the second sexual assault by the same perpetrator, as well as the retaliation she subsequently faced for filing a complaint regarding that second assault.

44. Ms. Doe has experienced stress and trauma, including consistent nightmares, as a result of the assaults and retaliation, exacerbated by the University's failure to adequately respond.

## CLAIM 1
### SEX DISCRIMINATION INCLUDING RETALIATION AGAINST ASHLAND UNIVERSITY UNDER TITLE IX OF THE EDUCATION AMENDMENTS OF 1972, 20 U.S.C. §§ 1681–88

45. Plaintiff incorporates all previous allegations.

46. Title IX prohibits sex discrimination by recipients of federal education funding.

47. Ashland University agreed to comply with all applicable federal statutes relating to nondiscrimination by recipients of federal financial assistance.

48. Ashland University had notice when it accepted federal funding under Title IX that the institution would be liable for intentional sex discrimination and deliberate indifference to sexual harassment as well as retaliation against students for reporting sexual abuse or advocating for Title IX complainants.

49. A private right of action to enforce Title IX's guarantees encompasses deliberate indifference to sexual harassment of a student by another student.

50. A private right of action to enforce Title IX's guarantees encompasses retaliation for advocating for the Title IX rights of others.

51. Sexual assault is the most vicious form of sexual harassment.

52. Mr. Barrow's forcing Ms. Doe to engage in oral sex constituted sex-based harassment and sexual misconduct.

53. Ms. Doe's April 2016 report to Jonathan Locust, Director of Student Conduct and Diversity and a deputy Title IX coordinator, gave Ashland University actual notice of Mr. Barrow's sexual assault, which was gender based.

54. Mr. Locust was an appropriate official of Ashland University for purposes of reporting Ms. Doe's Title IX allegations.

55. Mr. Locust (again, the Director of Student Conduct and Diversity, and a deputy Title IX coordinator) was in a position to vindicate Ms. Doe's rights.

56. Mr. Locust had authority to address the discrimination.

57. Mr. Locust had authority to institute corrective measures.

58. Mr. Locust had the authority to address the alleged discrimination.

59. Mr. Locust had a non-discretionary duty to notify the Title IX coordinator as soon as possible about what Ms. Doe had told him. But Mr. Locust failed to perform that non-discretionary duty.

60. Ms. Doe expected Mr. Locust to act in accordance with written University policy.

61. It was reasonable for Ms. Doe to expect that her mentor and supervisor, who was also the Director of Student Conduct and Diversity, and a deputy Title IX coordinator, would act in accordance with written University policy.

62. Ms. Doe expected Mr. Locust to act in accordance with the law.

63. It was reasonable for Ms. Doe to expect that her mentor and supervisor, who was also the Director of Student Conduct and Diversity, and a deputy Title IX coordinator, would act in accordance with the law.

64. Mr. Locust was deliberately indifferent to the sex-based harassment that Ms. Doe reported.

65. Mr. Locust acted with gender-based discriminatory intent in responding to Ms. Doe's report with comments such as that alcohol is a "truth serum," and by failing to report Ms. Doe's report up to the Title IX coordinator. '

66. Mr. Locust's response—to do nothing but tell her that, if she was drinking, she must have wanted the sexual activity with Mr. Barrow—was clearly unreasonable in light of the known circumstances.

67. Mr. Locust's failure to take action violated University policy and federal law.

68. Mr. Locust's failure to act tacitly endorsed Mr. Barrow's sexual assault of Ms. Doe and made all female students more vulnerable to sexual assault.

69. Ashland University was deliberately indifferent to the sex-based harassment that Ms. Doe reported.

70. Ashland University's unwritten custom, policy, or practice of failing to enforce or effectively implement its written policies regarding responding to reports of sexual misconduct made Ms. Doe more vulnerable to subsequent sexual assault by the same perpetrator and to the retaliation that she faced as a result of reporting that second sexual assault. Ms. Doe suffered as a direct and proximate result of Ashland University's failure to effectively implement its own written policies regarding responding to sexual-misconduct allegations. These failures to effectively implement its written policies include failing to effectively train employees regarding their non-discretionary duty to forward such allegations to the Title IX coordinator, failing to effectively discipline employees who failed to comply with those non-discretionary reporting obligations, and failing to prevent or respond to complaints of retaliation for reporting sexual misconduct.

71. Ashland University acted with gender-based discriminatory intent in failing to respond to Ms. Doe's complaint. Ashland University's ineffectual implementation of its written policies made Ms. Doe more vulnerable to a second sexual assault and retaliation for reporting that assault.

72. Ashland University's failure to take appropriate action in response to Ms. Doe's report violated University policy and federal law.

73. Ashland University's failure to act tacitly endorsed Mr. Barrow's sexual assault of Ms. Doe and made all female students more vulnerable to sexual assault.

74. Ashland University failed to follow its own written sexual-violence policy in response to Ms. Doe's Title IX report that she was sexually assaulted.

75. Ashland University failed to follow its own written sexual-violence policy in response to Ms. Doe's Title IX report that Mr. Locust had violated the University's written policy.

76. Mr. Locust's actions unreasonably interfered with Ms. Doe's participation in the educational programs at the University and with her physical and emotional wellbeing.

77. As a direct and proximate result of these unlawful and malicious acts, Ms. Doe has suffered and will continue to suffer economic and non-economic damages in an amount to be determined at trial.

## PRAYER FOR RELIEF

For the reasons stated above, Plaintiff respectfully requests the following relief from the Court:

A. Declare that Defendant's acts and conduct constitute violations of federal law;

B. Enter judgment in Plaintiff's favor on all claims for relief;

C. Award Plaintiff full compensatory damages, economic and non-economic, including, but not limited to, damages for pain and suffering, mental anguish, emotional distress, humiliation, and inconvenience that Plaintiff has suffered and is reasonably certain to suffer in the future;

D. Award pre-judgment and post-judgment interest at the highest lawful rate;

E. Award Plaintiff reasonable attorneys' fees (including expert fees) and all other costs of this suit;

F. Award all other relief in law or equity to which Plaintiff is entitled and that the Court deems equitable just, or proper.

## JURY DEMAND

Plaintiff demands a trial by jury on all issues within this complaint.

Respectfully submitted,

*/s/ Sandhya Gupta*
Subodh Chandra (0069233)
Donald P. Screen (0044070)
Sandhya Gupta (0086052)
THE CHANDRA LAW FIRM, LLC
The Chandra Law Building
1265 W. 6th St., Suite 400
Cleveland, OH 44113-1326
216.578.1700 Phone
216.578.1800 Fax
Subodh.Chandra@ChandraLaw.com
Donald.Screen@ChandraLaw.com
Sandhya.Gupta@ChandraLaw.com

*Attorneys for Plaintiff Jane Doe*