**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION**

| | |
|---|---|
| JANE DOE, | Case No. 1:18-cv-00816 |
| Plaintiff, | Judge: POLSTER |
| v. | MOTION TO INTERVENE |
| ASHLAND UNIVERSITY, | |
| Defendant. | |

Pursuant To Fed. R. Civ. P. 24, John Doe respectfully requests that this Court grant him leave to intervene for the limited purpose of filing the attached Motion to Strike and Motion to Require Parties to Refer to Third Party as "John Doe."

### MEMORANDUM

Federal Rule of Civil Procedure 24(b) permits a party to intervene if the party "has a claim or defense that shares with the main action a common question of law or fact." The Court has "generally interpreted Rule 24 flexibly." *Chapman v. Tristar Prods.*, N.D.Ohio No. 1:16-CV-1114, 2018 U.S. Dist. LEXIS 150153, at *13 n. 37 (Sep. 4, 2018).

Federal courts allow intervention, such as sought in this case, even though the proposed intervenor did not have an actual claim or defense in the litigation "with the apparent goal of disposing of related controversies together." *EEOC v. Nat'l Children's Center, Inc.*, 146 F.3d 1042, 1045 (D.C. Cir. 1998)( "[W]e have eschewed strict readings of the phrase claim or defense, allowing intervention even in situations where the existence of any nominate 'claim' or 'defense' is difficult to find." (internal quotation marks and citation omitted), *citing Diamond v. Charles*, 476 U.S. 54, 76 (1986)(O'Connor, J.,

1

concurring).    The court in *National Children's Center* observed that parties may be granted leave to intervene for the limited purpose of challenging orders related to confidentiality because courts "have eschewed strict readings of the phrase 'claim or defense,' allowing intervention even in 'situations where the existence of any nominate 'claim' or 'defense' is difficult to find.'" 146 F.3d at  1045 (collecting cases), *quoting Nuesse v. Camp*, 385 F.2d 694, 704 (D.C. Cir. 1967).  The Sixth Circuit has adopted a similar rule. *See Meyer Goldberg, Inc., of Lorain v. Fisher Foods, Inc.*, 823 F.2d 159, 162 (6th Cir. 1987) (permissive intervention under Rule 24 "has been held to be a proper method to challenge a protective order by … the Sixth Circuit").

Intervenor does not wish to step into this case as a party.  But, allowing Intervenor to submit motions designed to protect against the disclosure of his name is in the public interest.  Plaintiff has filed the Complaint and the Amended Complaint anonymously.  The Amended Complaint identifies Intervenor by name as the perpetrator of a sexual assault.  *See e.g.* Amended Complaint ¶¶11-21, 34, 37-46.  Intervenor has never been charged with a crime, even though Plaintiff alleges she reported this matter to the police.  Amended Complaint ¶119, 178.  Intervenor unequivocally denies the allegations and, because he is not a party to the litigation, yet has no opportunity to defend himself.

Intervention for this limited purpose will not prejudice the parties.  If the Court grants the motions Intervenor would file it would not delay the resolution of Plaintiff's claims or impact Defendant's defenses.  Finally, counsel for Intervenor represents that he has attempted to resolve this issue without the filing of this Motion.  Counsel for Plaintiff was unwilling to voluntarily agree to remove Intervenor's name from the pleadings.

## CONCLUSION

This Court should grant John Doe leave to intervene for the limited purpose of filing the attached Motion to Strike and Motion to Require Parties to Refer to Third Party as "John Doe."

Respectfully submitted,


_____/s/ Joshua Adam Engel_____
Joshua Adam Engel (0075769)
ENGEL AND MARTIN, LLC
4660 Duke Dr., Ste 101
Mason, OH 45040
(513) 445-9600
(513) 492-8989 (Fax)
engel@engelandmartin.com


**CERTIFICATION PURSUANT TO LOCAL RULE 7.1(F)**

I hereby certify that the foregoing memorandum adheres to the page limitations set forth in Local Rule 7.1(f).

_____/s/ Joshua Adam Engel_____
Joshua Adam Engel (0075769)


CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing has been electronically served via the Courts ECF system this September 25, 2018 upon all counsel of record:


_____/s/ Joshua Engel_____
Joshua Engel