# IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF OHIO
## WESTERN DIVISION

| | |
|---|---|
| JANE DOE, | Case No. 1:18-cv-00816 |
| Plaintiff, | Judge: POLSTER |
| v. | MOTION OF PROPOSED |
| | INTERVENOR TO PROCEED |
| ASHLAND UNIVERSITY, | ANONYMOUSLY |
| Defendant. | |

Intervenor John Doe respectfully requests leave to proceed anonymously. The circumstances of this case are such that requiring the Plaintiff to proceed under his name would disclose information of the utmost personal intimacy, including education records protected from disclosure by the Family Educational Rights and Privacy Act ("FERPA"), 20 U.S.C. § 1232g; 34 CFR Part 99.

## MEMORANDUM

This Court has the discretion to allow a party to proceed anonymously under a pseudonym. *Doe v. Porter*, 370 F.3d 558, 560 (6th Cir. 2004). In exercising its discretion, this Court is required to balance the public's common law right of access to court proceedings against the interests of litigants in nondisclosure. *In re Polemar Constr. Ltd. P'ship*, 23 F. App'x 423, 425 (6th Cir. 2001). The Plaintiff acknowledges that here is a strong public policy in favor of public access to judicial proceedings, however Plaintiff suggests that this case falls within the exception that parties are permitted to proceed under pseudonyms only under certain circumstances that justify an exception to this policy. *Citizens for a Strong Ohio v. Marsh*, No. 04-3112, 123 F. App'x 630, at *636 (6th Cir. 2005). The Sixth Circuit

1

has states that this Court should consider, among other factors, "whether prosecution of the suit will compel the [party] to disclose information of the utmost intimacy." *Id. quoting Porter*, 370 F.3d at 560.

In this case, the disclosure of the Plaintiff's name would forever associate him with allegations of sexual misconduct. Plaintiff has filed the Complaint and the Amended Complaint anonymously. The Amended Complaint identifies Intervenor by name as the perpetrator of a sexual assault. *See e.g.* Amended Complaint ¶¶11-21, 34, 37-46. Intervenor has never been charged with a crime, even though Plaintiff alleges she reported this matter to the police. Amended Complaint ¶119, 178. Intervenor unequivocally denies the allegations and, because he is not a party to the litigation, yet has no opportunity to defend himself. This is likely to harm Intervenor's reputation. *See Egan v. Huntington Copper Moody & Maguire, Inc.,* N.D.Ill. No. 12 C 9034, 2015 U.S. Dist. LEXIS 47143, at *16 (Apr. 10, 2015) "recklessly and thoughtlessly slinging a patently baseless accusation of sexual assault… stained [party's] reputation"); *Hamilton v. Mostad*, D.N.D. Case No. A3-99-11, 2001 U.S. Dist. LEXIS 20066, at *10 (Aug. 6, 2001) (acknowledging "that humiliation and damage to reputation generally flow from accusations of sexual assault…").

The parties will not suffer any harm by permitting the Intervenor to proceed anonymously, as the parties are already aware of the identity of Intervenor. Defendant already, in fact, has an obligation to maintain the confidentiality of Intervenor's educational records under FERPA. A number of recent cases have raised similar claims against schools alleging that the school violated Title IX of the Education Amendments of 1972, 86 Stat. 373, 20 U.S.C. § 1681(a) (2012) by applying disciplinary guidelines and regulations to the students in a discriminatory manner. Many of these courts have permitted the parties to proceed anonymously and have referred to other students, as well, by pseudonyms. For example, this Court, in *Doe v. College of Wooster,* 243 F. Supp. 3d 875 (N.D.Ohio 2017), permitted a student who was accused of sexual misconduct at a school, as well as the alleged victim, to proceed anonymously. 243 F. Supp. at 896 fn. 6. *See also Doe v. University Of Cincinnati* et al,

2

S.D. Ohio No.1:16-cv-00987-MRB (Oct. 31, 2016 Entry); *Doe v. Ohio State Univ.*, S.D.Ohio No. 2:15-cv-2830 (June 6, 2015 Entry); *Doe v. Univ. of Cincinnati*, S.D.Ohio No. 1:15-CV-681 (Mar. 23, 2016 Entry).

Respectfully submitted,

\_\_\_\_\_/s/ Joshua Adam Engel_____
Joshua Adam Engel (0075769)
ENGEL AND MARTIN, LLC
4660 Duke Dr., Ste 101
Mason, OH 45040
(513) 445-9600
(513) 492-8989 (Fax)
engel@engelandmartin.com

## <u>CERTIFICATION PURSUANT TO LOCAL RULE 7.1(F)</u>

I hereby certify that the foregoing memorandum adheres to the page limitations set forth in Local Rule 7.1(f).

\_\_\_\_\_/s/ Joshua Adam Engel_____
Joshua Adam Engel (0075769)

<u>CERTIFICATE OF SERVICE</u>

I hereby certify that a copy of the foregoing has been electronically served via the Courts ECF system this September 25, 2018 upon all counsel of record:

_____/s/ Joshua Engel_____
Joshua Engel