**IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION**

| | |
|---|---|
| Daina Thomas<br>　　　　　*Plaintiff,*<br>　　　v.<br>Ashland University<br>　　　　　*Defendant.* | Case No.: 1:18-CV-00816<br><br>Judge Dan Aaron Polster<br><br>Magistrate Judge Jonathan D. Greenberg |
| **PROPOSED STIPULATED PROTECTIVE ORDER** | |

　　　　The parties to this Stipulated Protective Order have agreed to the terms of this Order; accordingly, it is ordered:

**1.　　Scope.**

　　　　**a.　　Generally.** All documents produced in the course of discovery, including all initial disclosures, all responses to discovery requests, all deposition testimony and exhibits, other material that may be subject to restrictions on disclosure for good cause and information derived directly therefrom (collectively "documents"), shall be subject to this Order concerning confidential information as set forth below. As there is a presumption in favor of open and public judicial proceedings in the federal courts, this Order shall be strictly construed in favor of public disclosure and open proceedings whenever possible. The Order is also subject to the Local Rules for the United States District Court, Northern District of Ohio, and the Federal Rules of Civil Procedure on matters of procedure and calculation of time periods.

　　　　**b.　　FERPA.** Defendant Ashland University is an educational institution and subject to the limitations on disclosure found in Family Educational Rights and Privacy Act of 1974

("FERPA") (20 U.S.C. § 1232g; 34 CRF Part 99). This Order permits Ashland University to disclose student information to the parties and other individuals described in this Order in response to discovery requests made within this litigation, recognizing, however, that FERPA requires notice to affected students and an opportunity to object prior to disclosure. *See* 34 CFR Part 99.31(a)(9). Upon the expiration of the notice period and this Court's determination as to objections of the affected students, if any, as described in this Order, Ashland University will produce unredacted copies of the records of Plaintiff, Daivon Barrow, Monae Goode-Harris, Taylor Banks, Keirra Walker, Shamarr Golden, and Kailah Sanders, as set forth in this Order. To the extent Ashland University is requested or seeks to produce records of other affected students, the parties shall follow the procedure set forth in this Order. Nothing in this Order shall prohibit Ashland University from properly objecting to any discovery request subject to the Federal Rules of Civil Procedure and any applicable privilege or doctrines which may otherwise prevent discovery of the information contained within the education record.

    i.    Regarding Plaintiff, Ashland University will produce responsive records without redacting her name but marking all FERPA-protected or otherwise confidential records as CONFIDENTIAL--SUBJECT TO PROTECTIVE ORDER. For those records regarding Plaintiff which may contain FERPA-protected or otherwise confidential information of other students or former students, Ashland University shall produce records as set forth in this Order.

    ii.    Regarding Daivon Barrow, Monae Goode-Harris, Taylor Banks, Keirra Walker, Shamarr Golden, and Kailah Sanders, upon the entry of this Order, Ashland University will promptly initiate the notice procedures described below for any responsive records regarding those individuals. For subsequent requests of FERPA-protected or otherwise confidential information of other students or former students, Ashland

University will initiate the notice procedures described below within five business days said request is served on Ashland University.

   iii.  Ashland University will be afforded 14 days from the entry of this Order to engage in reasonable efforts to obtain contact information for the student or former student and send the student or former student notice in the form attached as Attachment A by mail, email, or both.

   iv.  Notice through any single means will be deemed effective. The student or former student will have 30 days from the date of notice to object to disclosure by filing made with the Court. If Ashland University receives returned mail or an email bounce-back notice, the notice to the student or former student will be deemed not to have been effective through such means.

   v.  If Ashland University cannot locate contact information for the student or former student after reasonable efforts, or notice efforts fail, Ashland University will not produce unredacted copies of subject information without further order of this Court.

   vi.  If an affected student or former student makes an objection by filing with the Court within 30 days of receiving notice, Ashland University's remaining duties under this section are suspended until further Order of this Court. If the affected student or former student does not make an objection within the time limit set forth above, Ashland University will have ten days to produce an unredacted copy of the record to the parties.

   vii.  In the event a student objects to the production of his or her education record, the parties shall promptly provide copies of any documents containing personally identifiable information related to the objecting student(s) to the Court so that the Court may rule upon the objections.

       viii.    If the Court determines that the objection of an affected student or former student is well-taken, Ashland University shall produce such affected student's records after redacting the student's personally identifiable information in the form and method agreed to by the parties.

       ix.    With respect to redacted documents as contemplated by this Order, a Party's failure to mark redacted documents with a "CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER" designation does not waive its ability to designate later-produced unredacted copies of the documents as "CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER."

       x.    The Parties and the Court agree that the steps outlined in this Order satisfy the "reasonable effort" requirement of 34 C.F.R. § 99.31(a)(9)(ii).

       xi.    Nothing in this section waives or modifies any other objection or basis for non-disclosure of information that may be raised by any party.

**2.**     **Form and timing of designation.** A party may designate documents as confidential and restricted in disclosure under this Order by placing the words "CONFIDENTIAL—SUBJECT TO PROTECTIVE ORDER" on the document in a manner that will not interfere with the legibility of the document and that will permit complete removal of the CONFIDENTIAL—SUBJECT TO PROTECTIVE ORDER designation. Documents shall be designated CONFIDENTIAL—SUBJECT TO PROTECTIVE ORDER before or at the time of production or disclosure of the documents. The designation "CONFIDENTIAL—SUBJECT TO PROTECTIVE ORDER" does not mean that the document has any status or protection by statute or otherwise except to the extent and for the purposes of this Order.

**3.**     **Documents That May be Designated CONFIDENTIAL—SUBJECT TO PROTECTIVE ORDER.** Any party may designate documents as CONFIDENTIAL—

SUBJECT TO PROTECTIVE ORDER upon making a good-faith determination that the documents contain information protected from disclosure by statute or that should be protected from disclosure as confidential personal information, medical or psychiatric information, trade secrets, personnel records, or such other sensitive commercial information that is not publicly available. Public records that are publicly available may not be designated as CONFIDENTIAL—SUBJECT TO PROTECTIVE ORDER.

**4.** **Depositions.** Deposition testimony shall be deemed CONFIDENTIAL—SUBJECT TO PROTECTIVE ORDER only if designated as such. Such designation shall be specific as to the portions of the transcript or any exhibit to be designated as CONFIDENTIAL—SUBJECT TO PROTECTIVE ORDER. Thereafter, the deposition transcripts and any portions so designated shall be protected as CONFIDENTIAL—SUBJECT TO PROTECTIVE ORDER, pending objection, under the terms of this Order.

**5.** **Protection of Confidential Material.**

    **a.** **General Protections.** Documents designated CONFIDENTIAL—SUBJECT TO PROTECTIVE ORDER under this Order shall not be used or disclosed by the parties, counsel for the parties, or any other persons identified in ¶5(b) for any purpose whatsoever other than to prepare for and to conduct discovery and trial in this action, including any appeal(s).

    **b.** **Limited Third-Party Disclosures.** The parties and counsel for the parties shall not disclose or permit the disclosure of any CONFIDENTIAL—SUBJECT TO PROTECTIVE ORDER documents to any third person or entity except as set forth in subparagraphs (i)-(v). Subject to these requirements, the following categories of persons may be allowed to review documents that have been designated CONFIDENTIAL—SUBJECT TO PROTECTIVE ORDER:

    **i.** **Counsel.** Counsel for the parties and employees and agents of counsel who have responsibility for the preparation and trial of the action;

    **ii.** **Parties.** Parties to this action and employees of a party who are assisting in the preparation and trial of this action;

    **iii.** **Court reporters and recorders.** Court reporters and recorders engaged for depositions;

    **iv.** **Consultants, investigators, and experts.** Consultants, investigators, and experts (collectively "experts") employed by the parties or counsel for the parties to assist in the preparation and trial of this action, but only after such persons have completed the certification contained in Attachment B (Acknowledgement of Understanding and Agreement to be Bound); and

    **v.** **Others by consent.** Other persons only by written consent of the producing party or upon order of the Court and on such conditions as may be agreed or ordered. All such persons shall execute the certification contained in Attachment B (Acknowledgement of Understanding and Agreement to be Bound).

  **c.** **Control of documents.** Counsel for the parties shall take reasonable and appropriate measures to prevent unauthorized disclosure of documents designated as CONFIDENTIAL under the terms of this Order. Counsel shall maintain the originals of the forms signed by persons acknowledging their obligations under this Order for a period of one year after dismissal of the action, the entry of final judgment, and/or the conclusion of any appeal(s).

  **d.** **Copies.** Before production to another party, all copies, electronic images, duplicated, extracts, summaries, or descriptions (collectively "copies") of documents designated as CONFIDENTIAL under this Order, or any individual portion of such a

document, shall be affixed with the designation "CONFIDENTIAL—SUBJECT TO PROTECTIVE ORDER" if the word does not already appear on the copy. All such copies so marked shall be entitled to the protection of this Order. The term "copies" shall not include indices, electronic databases, or lists of documents provided these indices, databases, or lists do not contain substantial portions or images of the text of confidential documents or otherwise disclose the substance of the confidential information contained in those documents.

      **e.** **Inadvertent production.** The Parties acknowledge that there is a risk of inadvertent disclosure of information that is privileged, that should bear the designation of "CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER", or that is otherwise protected or limited by law, including but not limited to FERPA, in connection with the discovery efforts described in this Order. Accordingly, pursuant to Fed. R. Civ. P. 26(b)(5)(B), the Parties agree to this non-waiver or "clawback" agreement.

      A Party who does not intend to waive the privilege or protections associated with a document, and yet inadvertently produces such document or information, fails to redact certain information, or produces a document without a designation of "CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER", may, within 15 business days after discovering the inadvertent production, failure to redact, or failure to mark as confidential, notify the other Parties that such production or failure was inadvertent and should have been withheld or information therein redacted or marked as confidential, and request the return of the document or substitution of the document with a redacted copy or copy marked confidential. The other Parties must then promptly return the document or information in question and any copies, both paper and electronic, to the producing Party. All Parties hereby acknowledge that the requesting

Party does not waive any right it has or may have to challenge the producing Party's assertion of the privilege or protection and to request discovery of said document pursuant to an order of the Court.

The terms of Fed. R. Evid. 502 are incorporated herein except as modified above.

6. **Filing of CONFIDENTIAL—SUBJECT TO PROTECTIVE ORDER documents under seal.** The Court highly discourages the manual filing of any pleadings or documents under seal. To the extent that a filing references any document marked as CONFIDENTIAL—SUBJECT TO PROTECTIVE ORDER, then the brief, memorandum, or pleading shall refer the Court to the particular exhibit filed under seal without disclosing the contents of any confidential information.

    **a.** Before any document marked as CONFIDENTIAL—SUBJECT TO PROTECTIVE ORDER is filed under seal with the Clerk, the filing party may first consult with the party that originally designated the document as CONFIDENTIAL—SUBJECT TO PROTECTIVE ORDER to determine whether, with the consent of that party, the document or a redacted version of the document may be filed with the Court not under seal.

    **b.** Where agreement is not possible or adequate, before a CONFIDENTIAL—SUBJECT TO PROTECTIVE ORDER document is filed with the Clerk, it shall be placed in a sealed envelope marked "CONFIDENTIAL—SUBJECT TO PROTECTIVE ORDER." The front of the envelope shall display the case name, case number, a designation of what the document is, the name of the party on whose behalf it is submitted, and the name of the attorney who has filed the document(s). A copy of any document filed under seal shall also be delivered to the judge's chambers.

    **c.** To the extent that it is necessary for a party to discuss the contents of any confidential information in a written pleading, then such portion of that pleading may be filed under seal with leave of Court. In such circumstances, counsel shall prepare two versions of the pleadings: a public version and a confidential version. The public version shall contain a redaction of references to CONFIDENTIAL—SUBJECT TO PROTECTIVE ORDER documents. The confidential version shall be a full and complete version of the pleading and shall be filed with the Clerk under seal as above. A copy of the unredacted pleading also shall be delivered to the judge's chambers.

    **d.** If the Court or a particular judicial officer has developed an alternative method for the electronic filing of documents under seal, then the parties shall follow this alternative method and shall not file any documents or pleadings manually with the Clerk of Court.

**7. Challenges by a party to a designation as confidential.** Any CONFIDENTIAL—SUBJECT TO PROTECTIVE ORDER designation is subject to challenge by any party or non-party with standing to object ("party"). Before filing any motions or objections to a confidentiality designation with the Court, the objecting party shall have an obligation to meet and confer in a good-faith effort to resolve the objection by agreement. If agreement is reached confirming or waiving the CONFIDENTIAL—SUBJECT TO PROTECTIVE ORDER designation as to any documents subject to the objection, the designating party shall serve on all parties a notice specifying the documents and the nature of the agreement.

**8. Action by the Court.** Applications to the Court for an order relating to any documents designated CONFIDENTIAL—SUBJECT TO PROTECTIVE ORDER shall be by motion under Local Rule 7.1. Nothing in this Order or any action or agreement of a party under this

Order limits the Court's power to make any orders that may be appropriate regarding the use and disclosure of any documents produced or used in discovery or at trial.

**9.    Use of Confidential Documents or Information at Trial.** All trials are open to the public. Absent order of the Court, there will be no restrictions on the use of any document that may be introduced by any party during the trial. If a party intends to present at trial CONFIDENTIAL—SUBJECT TO PROTECTIVE ORDER documents or information derived from such documents, such party shall provide advance notice to the other party at least five days before trial begins by identifying the documents or information at issue as specifically as possible (i.e., by Bates number, page range, deposition transcript lines, etc.) without divulging the actual CONFIDENTIAL—SUBJECT TO PROTECTIVE ORDER documents or information. The Court may then make such orders as are necessary to govern the use of such documents or information at trial.  Special considerations may be given by the Court if Ashland University produced redacted records of a student or former student who objected pursuant to FERPA.

**10.    Obligations on conclusion of litigation.**

    **a.    Order remains in effect.** Unless otherwise agreed or ordered, this Order shall remain in force after dismissal or entry of final judgment not subject to further appeal.

    **b.    Return of CONFIDENTIAL—SUBJECT TO PROTECTIVE ORDER documents.** Within 30 days after dismissal or entry of final judgment not subject to further appeal, all documents treated as CONFIDENTIAL—SUBJECT TO PROTECTIVE ORDER under this Order, including copies as defined in ¶5(d), shall be returned to the producing party unless: (1) the document has been offered into evidence or filed without restriction as to the disclosure; (2) the parties agree to destruction in lieu of return; or (3) as to documents bearing the notations, summations, or other mental

impressions of the receiving party, that party elects to destroy the documents and certified to the producing party that it has done so. Notwithstanding the above requirements to return or destroy documents, counsel may retain attorney work product, including an index that refers or relates to information designation CONFIDENTIAL—SUBJECT TO PROTECTIVE ORDER, so long as that work product does not duplicate verbatim substantial portions of the text or images of confidential documents. This work product shall continue to be CONFIDENTIAL—SUBJECT TO PROTECTIVE ORDER under this Order. An attorney may use his or her work product in a subsequent litigation provided that its use does not disclose or use CONFIDENTIAL—SUBJECT TO PROTECTIVE ORDER documents.

**c.** **Return of Documents Filed under Seal.** After dismissal or entry of final judgment not subject to further appeal, the Clerk may elect to return to counsel for the parties or, after notice, destroy documents filed or offered at trial under seal or otherwise restricted by the Court as to disclosure.

**11.** **Order subject to modification.** This Order shall be subject to modification by the Court on its own motion or on motion of a party or any other person with standing concerning the subject matter. Motions to modify this Order shall be served and filed under Local Rule 7.1 and the presiding judge's standing orders or other relevant orders.

**12.** **No Prior Judicial Determination.** This Order is entered based on the representations and agreements of the parties and for the purpose of facilitating discovery. Nothing in this Order shall be construed or presented as a judicial determination that any documents or information designated CONFIDENTIAL—SUBJECT TO PROTECTIVE ORDER by counsel or the parties is subject to protection until such time as the Court may rule on a specific document or issue.

**13.    Persons bound.** This Order shall take effect when entered and shall be binding upon all counsel and their law firms, the parties, and persons made subject to this Order by its terms.

**14.    Court retains jurisdiction**.  The Court shall maintain jurisdiction to enforce this Stipulated Protective Order even following the final termination of this action.  All persons receiving or given access to confidential materials in accordance with the terms of this Stipulated Protective Order consent to such continuing jurisdiction for the purposes of enforcing this Stipulated Protective Order and remedying any violations thereof.

*So ordered.*

Dated: 11/21/2018            _____
U.S. District Judge Dan Aaron Polster

**We so stipulate and agree to abide by the terms of this Order:**

| For Plaintiff Daina Thomas | For Defendant Ashland University |
|---|---|
| */s/ Ashlie Case Sletvold* | */s/ Kelley Barnett* |
| Signature | Signature |
| Dated:  November 20, 2018 | Dated: November 20, 2018 |

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| Daina Thomas,<br><br>　　　　　*Plaintiff,*<br><br>　vs.<br><br>Ashland University,<br><br>　　　　　*Defendants*. | Case No. 1:18-CV-00816<br><br>Judge Dan Aaron Polster<br><br>Magistrate Judge Jonathan D. Greenberg |

**Attachment A:
Ashland University
Notice to Student or Former Student
of Potential Disclosure of Personally Identifiable Information**

**NOTICE DATE: \<Date\>**

TO:
\<Name\>
\<Address\>
\<email\>

Ashland University is engaged in litigation in the case identified above. A party to the litigation has requested University records and witness testimony containing what Ashland University believes to be your personally identifiable information. Under the Family Educational Rights and Privacy Act of 1974 ("FERPA") (20 U.S.C. § 1232g; 34 CFR Part 99), you have the right to object to the disclosure of your personally identifiable information. Under the terms of a protective order entered in this case, you may raise an objection to disclosure of this information by filing an objection with the Court within **30 days** of the notice date set forth below.

**Requesting Party: \<Party name\>**

**Description of Document: \<Document Description\>**

If you do not object to the disclosure of this information, you do not need to do anything. If you do object to the disclosure of this information, you must contact the above Court to object within the 30-day deadline set forth above. Responding by mail or email to Ashland University without contacting the Court in the manner set forth in this letter is not sufficient to prevent disclosure.

If the information is disclosed to the requesting party, it will also be disclosed to the other parties in the litigation. The parties in the litigation are:

- Daina Thomas, Plaintiff
- Ashland University, Defendant

If disclosed, the record will be marked as "CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER" and handled and utilized in a manner described in the Protective Order, a copy of which is enclosed or attached.

Ashland University cannot give you legal advice or act as your representative in this matter. If you have any questions regarding this notice or your rights under FERPA, please contact an attorney.

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| Daina Thomas,<br><br>　　　　　　*Plaintiff*,<br><br>　vs.<br><br>Ashland University,<br><br>　　　　　　*Defendants*. | Case No. 1:18-CV-00816<br><br>Judge Dan Aaron Polster<br><br>Magistrate Judge Jonathan D. Greenberg |
| **ATTACHMENT B: ACKNOWLEDGEMENT AND AGREEMENT TO BE BOUND** | |

The undersigned hereby acknowledges that he/she has read the Protective Order dated _____ in the above-captioned action, which is attached to this Acknowledgement, understands the terms of it, and agrees to be bound by its terms. The undersigned submits to the jurisdiction of the United States District Court for the Northern District of Ohio in matters relating to the Protective Order and understands that the terms of the Protective Order obligate him/her to use documents designated CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER in accordance with the Order solely for the purposes of the above-captioned action, and not to disclose any such documents or information derived directly therefrom to any other person, firm or concern.

　　　　The undersigned acknowledges that violation of the Protective Order may result in penalties for contempt of court.

Name:　　　　　_____
Job Title:　　　_____
Employer:　　　_____
Business Address:　_____
　　　　　　　　　_____
　　　　　　　　　_____

Date: _____　　　_____
　　　　　　　　　　　　　　　　　　　　　Signature